UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAWRENCE JENKINS,

                              Plaintiff,        PROPOSED AMENDED
                                                   JOINT PRETRIAL ORDER
     -against-

                                                   2:21-CV-1941 (LGD)

DETECTIVE JAMES MELCHIONA,
DETECTIVE TIMOTHY SHEEHAN,
POLICE OFFICER PAUL ROCCHIO
POLICE OFFICER RYAN QUARTE,
POLICE OFFICER JAMES CAPORALE,
AND POLICE OFFICER CHRISTOPHER
QUITONI,

                              Defendants.

The parties, by their respective counsel, as and for a Joint Pretrial Order have agreed to the following, which the Court hereby Orders:

### I.    CAPTION:

The full caption of the action, at this time, is as set forth above.

### II.    TRIAL COUNSEL:

    a.    For the Plaintiff:

        Rickner PLLC
        By: Rob Rickner, Esq.
            Sara Wolkensdorfer, Esq.
        14 Wall Street, Suite 1603
        New York, New York 10005
        Phone: (212) 300-6506
        Fax: (888) 390-5401
        rob@ricknerpllc.com

b. For the Defendants:

> Christopher J. Clayton, Suffolk County Attorney
> By: Callan W. Tauster, Esq., Assistant County Attorney
>     Arlene S. Zwilling, Esq. Assistant County Attorney
> 100 Veterans Memorial Highway
> Hauppauge, New York 11788
> Phone: (631) 853-4055
> Fax: (631) 853-8341
> Callan.tauster@suffolkcountyny.gov
> Arlene.zwilling@suffolkcountyny.gov

### III. JURY TRIAL

This case is to be tried before a jury. The parties estimate that the trial will take approximately four (4) days.

### IV. CLAIMS AND DEFENSES

Plaintiff claims, under 42 U.S.C. § 1983 that the Defendants used excessive force, in violation of the Fourth Amendment, under color of law, when they pinned down Plaintiff on the ground and punched him repeatedly, rupturing his eardrum and knocking out several of his teeth. This was a violation of a clearly established right, so the Defendants are not entitled to qualified immunity. Plaintiff seeks both compensatory and punitive damages.

Defendants contend the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim. The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §1983.

Defendants contend that they used no unreasonable force against the Plaintiff and contest the true nature, extent and cause of the Plaintiff's purported injuries. The Defendants contend that Plaintiff's alleged injuries, if any, do not rise to the level of actionable constitutional violations. Moreover, the Defendants contend that the

damages/injuries sustained by the Plaintiff, if any, were caused by his own culpable and/or negligent behavior. They further contend that they acted as they did, if at all, solely pursuant to their duties and responsibilities as law enforcement officials, and at all times acted in good faith in that they were exercising and acting within their statutory and constitutional powers. No Defendant failed to intervene to prevent unconstitutional conduct as no underlying unconstitutional conduct occurred.

Defendants contend that they are entitled to judgment in their favor on the basis of qualified immunity.

Defendants will contend that to the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## V. STIPULATED FACTS

The parties stipulate that:

1) The Individual Defendants were acting under color of law.
2) All exhibits, proffered by both sides, are authentic, meaning that there are no objections as to authenticity.

## VI. STATEMENT REGARDING DAMAGES

Plaintiff was held down on the ground and punched repeatedly, rupturing his eardrum and knocking out several of his teeth. Plaintiff seeks both compensatory and punitive damages.

Defendants contest the true nature, extent and cause of the Plaintiff's purported injuries. Defendants contend that Plaintiff's alleged injuries, if any, do not rise to the

level of actionable constitutional violations. Moreover, the Defendants contend that the damages/injuries sustained by the Plaintiff, if any, were caused by his own culpable and /or negligent behavior.

## VII. SUBJECT MATTER JURISDICTION

Plaintiff has subject matter jurisdiction under 28 U.S.C. §1331 as there is a federal question.

Defendants contend that the plaintiff does not possess claims upon which relief may be granted under 42 U.S.C. §1983.

## VIII. WITNESSES

### PLAINTIFF'S WITNESS

- Lawrence Jenkins – In Person – Mr. Jenkins will testify as to the assault and his damages.

- Paul Rocchio – In Person – Officer Rocchio will testify that he struck Plaintiff in his head and body several times while Plaintiff was face down on the ground.

- James Melchiona – In Person – Lt. Melchiona will testify that Plaintiff was calm and cooperative with police at the scene of his arrest.

- Timothy Sheehan – In Person – Det. Sheehan will testify that he observed Plaintiff, in cuffs, being held by Officer Rocchio near Plaintiff's car.

- Ryan Quarte – In Person – Officer Quarte will testify that he observed bleeding to Plaintiffs' mouth at the scene of arrest and heard Plaintiff comment about his teeth at the same location.

- James Caporale – In Person – Det. Caporale will testify to the traffic conditions during the traffic pursuit, and that he heard Plaintiff complain about his mouth.

- Christopher Quitoni – In Person – Officer Quitoni will testify that he observed Plaintiff at the site of arrest and collected Plaintiff's broken tooth from the ground in the same location.

- Adam Friedlander – In Person – Det. Friedlander will testify that he took the booking photos (proposed as Pl's Ex. 1 below) of Plaintiff, observed injuries to Mr. Jenkins' mouth, and heard Mr. Jenkins complain of mouth pain.

- Gerard Frielingsdorf – In Person – Lt. Frielingsdorf will testify that he observed an injury to Plaintiff's mouth and blood in his ear, and that Plaintiff reported pain to his mouth and jaw as a result of the arrest.

DEFENDANTS' WITNESSES

The defendants reserve their right to offer the relevant and admissible testimony of any and all witnesses identified by the plaintiff, whether or not the plaintiff actually calls such witnesses at the time of trial. (Such witnesses are hereby incorporated by reference.)

In addition to the individual defendants James Melchiona, Timothy Sheehan, Paul Rocchio, Ryan Quarte, James Caporale, and Christophe Quitoni (who are all employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, New York) the defendants may also call the following witnesses:

1. Detective Adam Friedlander, 30 Yaphank Avenue, Yaphank, New York. Will testify that plaintiff voluntarily gave him a sworn written statement and also of his observations of the plaintiff .

2. Lt. Gerard Frielingsdorf, 30 Yaphank Avenue, Yaphank, New York. Will testify about his observations of the plaintiff.

3. Jan Miller, 100 Center Drive, Riverhead, New York 19044. Will testify as to Plaintiff's dental treatment while incarcerated at Suffolk County Correctional Facility.

4. Guy DiPietro, 100 Center Drive, Riverhead, New York 19044. Will testify as to Plaintiff's dental treatment while incarcerated at Suffolk County Correctional Facility.

Defendants further reserve their right to use such additional and unidentified witnesses for impeachment purposes and/or as may be warranted in response to the plaintiff's direct case as the need arises. See FRCP Rule 26(d)(3).

Since the plaintiff has not identified any proposed expert witnesses during discovery, the defendants will object to any attempt to offer expert testimony based upon plaintiffs' failure to comply with FRCP Rule 26 (a)(2). To the extent plaintiff seeks to call treating physicians, defendants object to the offering of any opinion or expert testimony.

## IX. EXHIBITS

PLAINTIFF'S PROPOSED EXHIBITS

| Exhibit No. | Description | Objections |
|---|---|---|
| 1 | Booking Photos (P0056–P0062) | |
| 2 | Site of Arrest (Deposition Exhibit H) | |
| 3 | Rocchio IAB 42 Statement (Deposition Exhibit D) | Defendants object on hearsay, no objection to impeach or refresh recollection. |
| 4 | Subject Resistance Report (Deposition Exhibit C) | Defendants object on hearsay, no objection to impeach or refresh recollection. |
| 5 | Prisoner Activity Log (Deposition Exhibit N) | |

| 6 | Pl's Medical Records (P00247–P00291) with Redactions | |

## DEFENDANTS' PROPOSED EXHIBITS

Defendants reserve their right to offer into evidence any and all relevant and admissible exhibits, and all portions thereof, previously identified by the plaintiffs whether or not the plaintiff actually offers such exhibits. (Said exhibits are hereby incorporated by reference.) The defendants may also offer the following additional exhibits:

| Exhibit No. | Description | Objections |
|---|---|---|
| A | Plaintiff's Complaint, 2:21-CV-1941 (DE1) | |
| B | SCPD Prisoner Activity Log 4/11/2018-4/12/2018 | FRE 1004. If the original is available, it should be used, per the best evidence rule, as the copy is not entirely legible. If the original is not, no objection to the copy. |
| C | Plaintiff's Statement and Waiver of Rights | FRE 401, 402, and 403 |
| D | Subject Resistance Report dated 4/11/2018 | FRE 802 |
| E | PO Roccio Supplementary Report dated 4/12/2018 | FRE 401, 402, 403 and 802. |
| F | Booking photos of Plaintiff (6 pages) | |
| G | Evidence Photos (11 pages) | FRE 401, 402, and 403 |
| H | SCPD radio transmissions from 4/11/2018, 6:35 p.m. to 7:39 p.m. | FRE 403. The entire radio run would be confusing to the jury, but portions, if identified, may not be objectionable. Defendants should identify the portions they will use. |

| | | |
|---|---|---|
| I | Newsday photo of scene | |
| J | SCPD Communications Section Event Detail Report dated 4/11/2018 (8 pages) | FRE 401, 402, and 403 |
| K | Plaintiff's medical records from Brookhaven Memorial Hospital dated 4/11/2018 and 4/12/2018 (40 pages) | FRE 401, 402, and 403, but only to the extent the records have personal identifying information, and irrelevant information, like Plaintiff's employment status. This should be resolved with redactions. |
| L | Plaintiff's medical file from SCCF, including ENT Allergy Associates records (111 pages) | FRE 401, 402, and 403, but only to the extent the records have personal identifying information, and irrelevant information, like Plaintiff's employment status. This should be resolved with redactions. |
| M | Plaintiff's medical file from NYSDOCCS (26 pages) | FRE 401, 402, and 403, but only to the extent the records have personal identifying information, and irrelevant information, like Plaintiff's employment status. This should be resolved with redactions. |
| N | Transcript of Plaintiff's plea hearing 11/8/2018 (17 pages) | FRE 401, 402, and 403. |
| O | Plaintiff's indictment (12 pages) | FRE 401, 402, and 403. |
| P | Felony complaints, misdemeanor information, and violation information dated 4/12/2018 (13 pages) | FRE 401, 402, and 403. |
| Q | Aerial photo of the route of the pursuit | No objection as a demonstrative only, which is what Defendants have indicated they plan on using it for. |
| R | Map of the route of the pursuit | No objection as a demonstrative only, which is what Defendants have indicated they plan on using it for. |

## X. DEPOSITION TESTIMONY

Plaintiff is not identifying any deposition portions, given that defense counsel is making all police officer witnesses available at trial.

Defendants reserve the right to use the deposition testimony of the Plaintiff on their case in chief and for the purpose of impeachment. The parties each reserve the right to use deposition testimony if a witness is unavailable and for the purpose of impeachment.

## XI. CONSENT TO MAGISTRATE

The parties have consented to trial of this case before Hon. Lee G. Dunst, U.S.M.J.

Respectfully submitted.

Dated: Central Islip, New York
      May \_\_\_, 2024

_____
HONORABLE LEE G. DUNST
U.S. MAGISTRATE JUDGE